IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN OLSZEWSKI             : | |
| :                          | |
| v.                         : | CIVIL NO. CCB-04-3330 |
| :                          | |
| JOSEPH T. ALEX, ET AL.     : | |

...o0o...

**MEMORANDUM**

Plaintiff John Olszewski has sued Baltimore County police officers Joseph T. Alex and David Claridge, asserting several claims under 42 U.S.C. § 1983 and state law arising out of Mr. Olszewski's arrest on October 18, 2001.[1]  The facts have been fully described in the parties' recent memoranda and exhibits in connection with the defendants' motion for summary judgment.  For the reasons that follow, the motion will be granted in part and denied in part.

As to the § 1983 claims, the defendants assert that they are entitled to qualified immunity.  The Fourth Circuit recently stated the applicable analysis as follows:

> ...our first task is to identify the specific right that the plaintiff asserts was infringed by the challenged conduct.  We then ask whether the facts, viewed in the light most favorable to the plaintiff, demonstrate a violation of that right.  If they do, we consider whether, at the time of the claimed violation, the right alleged to be violated was clearly established – meaning that "a reasonable official would understand that what he is doing violates" the right in question.

Waterman v. Batton, 393 F.3d 471, 476 (4th Cir. 2005)(internal citations omitted); see also Turmon v. Jordan, 405 F.3d 202, 205-06 (4th Cir. 2005).

Mr. Olszewski's § 1983 claims arise under the Fourth Amendment.  His first claim is for arrest without probable cause based on the officers' mistaken belief that he was Thomas

---

[1] Two additional defendants, Bruce Vaughan and Sekou Hinton, are being voluntarily dismissed.

Apicella, the individual for whom the officers possessed a valid warrant.  Based on the undisputed facts concerning the location and timing of the arrest and the degree of physical resemblance between Mr. Olszewski and Mr. Apicella, the officers were within the standard of "reasonable mistake" and are entitled to qualified immunity on that claim.  See Hill v. California, 401 U.S. 797, 803-04 (1971); Rodriguez v. Farrell, 280 F.3d 1341, 1346 (11th Cir. 2002); Thompson v. Prince William County, 753 F.2d 363, 364 (4th Cir. 1985).[2]

      Mr. Olszewski's second claim is for the application of excessive force in effectuating that arrest.  Viewed in the light most favorable to the plaintiff, he was unreasonably tackled to the ground, kicked in the groin, punched in the face, and otherwise beaten by both officers while lying on the ground yelling, "Help, police."  The injuries as depicted in the photographs and medical records, supplemented by the plaintiff's evidence that he sold his house and moved to a different neighborhood out of fear due to the beating, are not *de minimis* as a matter of law.  See Young v. Prince George's County, 355 F.3d 751, 758 n.3 (4th Cir. 2004).  The testing for evaluating a claim of excessive force is one of objective reasonableness under the circumstances.  Waterman, 393 F.3d at 476, citing Graham v. Connor, 490 U.S. 386 (1989).  Accepting Mr. Olszewski's version of events, a reasonable officer would have known that the force applied to Mr. Olszewski on October 18, 2001 violated his Fourth Amendment rights.  Turmon, 405 F.3d at 208.

      Mr. Olszewski's third claim is akin to false arrest and malicious prosecution based on the

---

[2] More specifically, it was reasonable to approach Mr. Olszewski to determine if he was Mr. Apicella, and the situation thereafter escalated in a way that prevented a considered determination of Mr. Olszewski's identity.  Whether the officers actions amounted only to an investigative Terry stop or evolved into a custodial arrest, they are nonetheless entitled to qualified immunity.

officers' decision, upon learning they had arrested the wrong person, to charge Mr. Olszewski with second-degree assault without probable cause to do so. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181-182 (4th Cir. 1996). The charge rests on Mr. Olszewski's "pushing" of Officer Alex, when he was first approached and did not realize Alex was a police officer. As described by Officer Alex himself at Mr. Olszewski's criminal trial, which resulted in acquittal by the judge at the close of the government's case: "As I reached out with my arm, he pushed my arm away and ran. It wasn't a violent action, just to keep me from touching him." (Def.'s Mot. for Summ. J., Exhibit 5, Court Transcript at 156.)

Mr. Olszewski denies pushing Officer Alex and asserts the officers lied to cover up or excuse their wrongful seizure of him. Without even reaching Mr. Olszewski's possible right to use force to resist an unlawful arrest, under his version of events there was no assault of any kind, and the charge was malicious. Accordingly, qualified immunity does not apply, and public official immunity does not apply to bar the state law claims of battery and malicious prosecution. See Young, 355 F.3d at 759.[3]

A separate Order follows.

| | |
|---|---|
| November 8, 2005 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] Judgment will be granted on the claim of intentional infliction of emotional distress, however, given the very high standard Maryland courts apply as to both the outrageousness of the conduct and the severity of the distress that must be shown. See Williams v. Prince George's County, 157 F.Supp.2d 596, 605 (2001).